**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

JULIE HIATT STEELE,
<u>Defendant-Appellant,</u>

v.

TIME INC.; DOW JONES AND COMPANY,
INCORPORATED; NEW TIMES COMPANY;
ABC, INCORPORATED; REUTERS

No. 99-4589

AMERICA, INCORPORATED; ASSOCIATED
PRESS; NATIONAL BROADCASTING
COMPANY, INCORPORATED; RANDOM
HOUSE, INCORPORATED; MICHAEL
ISIKOFF; KATHLEEN E. WILLEY;
MALONEY, HUENNEKENS, PARKS,
GECKER & PARSONS, PC; CBS
BROADCASTING, INCORPORATED;
DANIEL A. GECKER,
<u>Parties in Interest.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-9)

Argued: March 3, 2000

Decided: May 26, 2000

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lauren Anne Greenberg, REED, SMITH, SHAW &
MCCLAY, L.L.P., Washington, D.C., for Appellant. Paul Samuel
Rosenzweig, Senior Litigation Counsel, Washington, D.C., for Appel-
lee. **ON BRIEF:** Nancy A. Luque, REED, SMITH, SHAW &
MCCLAY, L.L.P., Washington, D.C., for Appellant. Robert W. Ray,
Independent Counsel, David G. Barger, Associate Independent Coun-
sel, Karl N. Gellert, Associate Independent Counsel, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After Julie Hiatt Steele's prosecution by the Office of Independent
Counsel (OIC) in the Jones v. Clinton investigation ended with a hung
jury, she petitioned for attorneys' fees and litigation expenses under
the Hyde Amendment. We affirm the district court's denial of her
petition.

I.

Steele was at the perimeter of the OIC's investigation of possible
federal offenses occurring in connection with the civil case of Jones
v. Clinton, filed in the Eastern District of Arkansas. The district court
in Arkansas permitted discovery relating to President Clinton's
alleged sexual encounters with certain women, including Kathleen
Willey, who was once Steele's friend. Willey was deposed in the
Jones case in July 1997, and she testified before a grand jury in the

2

OIC investigation in 1998. Earlier (in 1997), Willey had told Michael Isikoff, a Newsweek reporter, that she had a sexual encounter with the President in November 1993. Isikoff sought corroboration from Steele, apparently at Willey's suggestion. At first, Steele backed up Willey's account, saying that Willey had told her (Steele) of the encounter shortly after it happened. Later, Steele told Isikoff that she had lied at Willey's request. Specifically, Steele said that Willey asked her to lie to Isikoff by telling him that Willey had told her (Steele) on the night of the alleged encounter that the President had groped Willey and that Willey was humiliated. Newsweek reported in August 1997 what Steele said in both of her interviews with Isikoff. Subsequently, Steele provided an affidavit for the President's lawyers in Jones v. Clinton, saying that Willey had not told her about a sexual encounter with the President and that Willey had asked her to lie to the Newsweek reporter.

At the instance of the OIC, Steele was interviewed by the FBI and called before two grand juries. On each of these occasions, Steele denied that Willey had ever told her about a sexual encounter with the President. The OIC believed that Steele was lying and sought her indictment. On January 7, 1999, Steele was indicted in the Eastern District of Virginia for (1) obstructing the administration of justice in a civil case, Jones v. Clinton, filed in the District of Arkansas, in violation of 18 U.S.C. § 1503, (2) obstructing an investigation conducted by a grand jury empaneled in the Eastern District of Virginia, in violation of § 1503, (3) obstructing an investigation by a grand jury empaneled in the District of Columbia, in violation of § 1503, and (4) making materially false statements to the FBI, in violation of 18 U.S.C. § 1001.

Steele's case went to trial on May 3, 1999. Willey testified that she told Steele of her sexual encounter with the President shortly after it occurred and "many times" thereafter before March 1997, when Isikoff interviewed Steele. Willey's credibility came under sharp attack, but at least one other OIC witness provided firm corroboration of this testimony by Willey. William Poveromo, whom Steele had once dated, testified (1) that Steele told him in April 1997 about Willey's alleged sexual encounter with the President and (2) that Steele said that Willey told her about the encounter "soon after it happened."

3

The OIC presented fourteen witnesses during the trial. At the close of the OIC's case, Steele moved for a judgment of acquittal under Fed. R. Crim. P. 29. The district court denied the motion, finding "that there is sufficient evidence to go forward on all of these counts." Steele rested without presenting a defense. After two days of deliberations the jury reported twice to the district court that it was hopelessly deadlocked. The court declared a mistrial, and the OIC elected not to retry Steele. The indictment was dismissed without prejudice.

Thereafter, Steele filed a petition under the Hyde Amendment for attorneys' fees and expenses, claiming that the OIC's prosecution was vexatious, frivolous, or in bad faith. In her motion Steele challenged the strength of the OIC's evidence against her and repeated some of the claims of prosecutorial misconduct and bad faith she had made in pretrial motions to dismiss the indictment. Steele's (preserved) arguments in support of a fee award, and the district court's disposition of them, are as follows.

First, Steele argued that the OIC's case was "factually weak" and that the OIC relied on the allegedly perjured testimony of Willey. The district court rejected this argument, noting:

> this Court presided over this trial, and, after hearing all of the evidence and observing all of the witnesses, the Court denied defendant Steele's Motion for Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case, effectively ruling that the evidence was sufficient for a reasonable trier of fact to find the defendant guilty.

> This Court found then and finds now that there was sufficient evidence to submit all of the counts to the jury for their verdict.

Second, Steele claimed that the OIC's prosecution was improperly motivated because it was "intended to harass Steele by process of law to coerce her to support Willey's lie." Brief of Appellant at 26. The district court had disposed of this contention at the pretrial motion stage, finding that there was no prosecutorial misconduct. The district

4

court relied on its pretrial determination to reject Steele's harassment claim at the fee application stage.

Third, Steele claimed that the OIC had misrepresented her status before the grand jury by falsely advising her that she was not a "target" of the grand jury's investigation. The OIC responded that Steele had been promptly advised of the change in her status when it occurred. The district court, at the pretrial motion stage, rejected Steele's claim that the OIC had misrepresented her status. Specifically, the court found that "the defendant . . . knew her status" and that "[t]here is just no evidence before me that she was misinformed or misled or had any misunderstanding about her status . . . . If anything, what I have seen before me shows quite the contrary." These pretrial findings guided the district court when it rejected Steele's fee application.

Fourth, Steele claimed that Independent Counsel Kenneth Starr made inappropriate comments about the Steele investigation and her credibility in his testimony before the House Judiciary Committee. The district court was provided with excerpts from Starr's testimony and concluded that there was no evidence of prosecutorial misconduct. Again, the district court relied on its pretrial determinations.

In summarizing its evaluation of Steele's fee petition, the district court said:

> Based on the entire record before the Court, including the pre-trial motions, responses, hearings, in camera submissions, and the trial, this Court finds that the prosecution of Defendant Steele was not vexatious, frivolous, or in bad faith.

The court therefore denied Steele's petition for fees and expenses, and Steele now appeals.

II.

The Hyde Amendment provides that attorneys' fees and litigation expenses may be awarded in a criminal case "to a prevailing party,

5

other than the United States . . . where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997); 18 U.S.C.A. § 3006A, Historical and Statutory Notes, "Attorneys Fees and Litigation Expenses to Defense" (West Supp. 1999). We review the district court's denial of fees and costs for abuse of discretion. See United States v. Gilbert, 198 F.3d 1293, 1297-98 (11th Cir. 1999). After considering the lengthy joint appendix, the parties' briefs, and the arguments of counsel, we conclude that the district court did not abuse its discretion in denying fees and expenses to Steele. Accordingly, we affirm on the reasoning of the district court. See United States v. Steele, Crim. No. 99-9-A (E.D. Va. Aug. 3, 1999).*

AFFIRMED

_____
*The district court did not consider Steele's contention that she was a prevailing party, but went straight to the question whether her prosecution was vexatious, frivolous, or in bad faith. Because we affirm the district court's decision on the latter issue, we do not see a need to address whether Steele was actually a prevailing party.

6